**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**WEST BROTHERS DEPARTMENT STORE OF MANSFIELD, LOUISIANA, INC., Defendant-Appellee.**

**No. 85–4280.**

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1986.

---

Warren R. Duplinsky, Atty., E.E.O.C., Washington, D.C., for plaintiff-appellant.

David A. Rothell, Mansfield, La., for defendant-appellee.

Before GEE and HILL, Circuit Judges, and HUNTER,* District Judge.

PER CURIAM:

Appellee West Brothers operates a chain of department stores, one of which is located in Vidalia, Louisiana. In the Vidalia store, unsurprisingly, the three top supervisors—store manager, assistant manager, and sporting goods manager—receive greater salaries than and perquisites unavailable to the other employees. Almost all non-managerial employees are women, but no woman has ever held a managerial position at the store. In 1976, six female employees filed charges with EEOC, alleging that West Brothers had discriminated on the basis of sex by failing to promote them to managerial positions. The EEOC eventually filed suit under Title VII, 42 U.S.C. § 2000e–2(a).

In February 1982, the case proceeded to a bench trial. At the close of the EEOC's case, the district court dismissed pursuant to Fed.R.Civ.P. 41(b), ruling that the EEOC had failed to establish a prima facie case because none of the charging parties had filed a written application for promotion. In an unpublished opinion, we reversed, holding that the court had erred in refusing to credit testimony of a verbal application and in failing to consider evidence that the charging parties were dissuaded from applying. On remand, the EEOC presented additional evidence, but West Brothers called no witnesses. In February 1985 the district court again entered judgment for West Brothers, concluding that although the EEOC had established a prima facie case, a non-discriminatory reason for the refusal to promote had been established: even though "West Brothers did not make an affirmative effort to justify the alleged discrimination at trial," the EEOC's "evidence of West Brothers' selection criteria showed that mobility of management applicants was the critical qualification for a management position." It concluded that "this evidence is sufficient to rebut the presumption of unlawful discrimination...." This appeal followed.

Before us, the EEOC argues that the district court based dismissal on a defense that it devised *sua sponte*, and that, if so, reversible error occurred. We agree.

■ *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425 (5th Cir.1984), clearly governs this issue. *Uviedo* requires the *defendant* to articulate a legitimate reason relied upon in taking the action being challenged. *Id.* at 1429. The trial court may not assume this task; "[i]t is beyond the province of a trial or a reviewing court to determine—after the fact—that certain facts in the record might have served as the basis for an employer's personnel decision." *Id.* at 1430. We are concerned with what an employer's actual motive was; hypothetical or *post hoc* theories really have no place in a Title VII suit.

In its brief, West Brothers contends that this argument is a "procedural red herring" because the EEOC itself allegedly proved the defense in the course of exam-

---

* District Judge of the Western District of Louisiana, sitting by designation.

ining the directors, officers, and employees of West Brothers. We cannot accept this contention; to do so would mean that the district court may assume West Brothers' burden by creating a non-discriminatory reason for West Brothers' failure to promote the charging parties. West Brothers states that a defendant need not present evidence through its own witnesses if plaintiff's witnesses have effectually shown a non-discriminatory reason, citing *Lewis v. Brown & Root*, 711 F.2d 1287 (5th Cir. 1983), *cert. denied*, 464 U.S. 1069, 104 S.Ct. 975, 79 L.Ed.2d 213 (1984). As we pointed out in *Uviedo*, however, *Lewis* is not on point. In *Lewis*, we held that a Rule 41(b) dismissal was appropriate because of plaintiff's failure to prosecute and, alternatively, because of his failure to establish a *prima facie* case. Here, the district court concluded that the EEOC had shown a *prima facie* case. West Brothers therefore advances no persuasive response to the EEOC's contention.

The court acknowledged that West Brothers had been content throughout to rely solely on its repeated contention that the charging parties filed no written applications. We have, however, already once rejected this contention as a suitable defense; continued reliance on it therefore constitutes no defense at all. In a disparate treatment case, once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant; it must articulate some legitimate, non-discriminatory basis for its failure to promote. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). "If the employer is silent in the face of the [prima facie case], the court must enter judgment for plaintiff." *Texas Department of Corrections v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

The judgment of the trial court must be REVERSED.